UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-38 |
| | ) | (VARLAN/SHIRLEY) |
| ERNEST RAMON STENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on September 15, 2008, for an evidentiary hearing on the defendant's Motion to Suppress Evidence [Doc. 13]. Assistant United States Attorney Hugh B. Ward, Jr., appeared on behalf of the government. Attorney Kim A. Tollison represented the defendant, who was also present. At the conclusion of the evidentiary hearing, Mr. Tollison moved to continue the September 23, 2008 trial date, in order to give the Court time to rule upon the suppression issue. The government did not object to the requested continuance. The Court finds the defendant's oral motion to continue the trial to be well taken. The ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting that the case was scheduled to be tried on September 23, 2008, the Court finds that the failure to grant a continuance would deprive the defendant of time to prepare for trial after gaining a ruling on his suppression motion. See 18 U.S.C. § 3161(h)(8)(B)(iv). After taking evidence on the suppression issue, Court needs time, not to exceed

1

thirty days, to prepare a report and recommendation. See 18 U.S.C. § 3161(h)(1)(F) & (J). Following this Court's report, the parties will need time to file any objections, and the District Court will need a meaningful time to rule upon those objections and the report and recommendation. Finally, the parties will need time to prepare for trial in light of the ultimate ruling on the suppression issue. The Court finds that all of this could not take place before the September 23, 2008 trial date or in less than three and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the Court **GRANTS** a continuance of the trial and resets it to **January 5, 2009**. The Court also finds that all the time between the September 15, 2008 hearing and the new trial date of January 5, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), & -(h)(8)(A)-(B).

Accordingly, it is ordered:

(1) The defendant's oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 5, 2009**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge; and

(3) All time between the **September 15, 2008** hearing and the new trial date of **January 5, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge