IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-38 |
| | ) | (VARLAN/SHIRLEY) |
| ERNEST RAYMON STENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the defendant's Motion to Reconsider [Doc. 28] and Motion to Strike [Doc. 29], which were referred [Doc. 32] to the undersigned on November 7, 2008. See 28 U.S.C. § 636(b). The parties came before the Court for a suppression hearing on September 15, 2008. At the conclusion of that hearing, the government requested permission to late-file records of an earlier encounter with the defendant, to which the officer had testified. Defense counsel expressed his concern that he would not be able to question the officer about the late-filed exhibit. The Court ruled that the government could file the exhibit and that if the defendant had any questions relating to that exhibit only, he could seek to have the officer recalled and question him about it. The parties both agreed to that procedure. The Court asked the government to obtain and file any such records quickly so as not to jeopardize the trial date if the officer needed to be recalled. The government stated that it hoped that the exhibit in question could be obtained within "the next couple of days." [Doc. 21]

The Court filed a Report and Recommendation [Doc. 23] recommending that the District Court deny the Motion to Suppress on October 15, 2008. Earlier that same day, the government filed a Notice of Late-Filed Exhibit [Doc. 22]. The Court did not consider this exhibit, which consists of a DVD from Officer Roncska's police cruiser and a statement by Officer Roncska, in its recommendations regarding the Motion to Suppress. The defendant subsequently filed a Motion to Reconsider, pointing out discrepancies between statements on the DVD and Officer Roncska's testimony at the suppression hearing. The government responded [Doc. 31] that the Court's recommendation was supported by Officer Roncska's sworn testimony and that the late-filed exhibit only supplemented that testimony. It also states that it filed the late-filed exhibit as soon as it became available.

The Court has reviewed the late-filed exhibit and agrees that it raises questions about Officer Roncska's testimony at the suppression hearing. The undersigned also finds that the testimony in question regarding information Officer Ronscka had about the defendant carrying firearms in his groin area was essential to the Court's finding regarding Roncska's reasonable belief that the defendant might be armed/and or dangerous at the time of the stop. The Court finds that the defendant should have the opportunity to question Officer Roncska about the late-filed exhibit, that the government should have the opportunity to allow Officer Roncska to explain the evidence contained in the late-filed exhibit, and that both parties should have the chance to argue about the effect of the late-filed exhibit on the prior testimony and the outcome of the Motion to Suppress. In light of the questions raised by the late-filed exhibit, the only way to reach a fair determination of the suppression issue is for the Court to reconsider its factual findings and recommended ruling in its Report and Recommendation in light of the late-filed DVD, any additional testimony offered

2

Case 3:08-cr-00038-TAV-CCS    Document 33    Filed 11/19/08    Page 2 of 3    PageID #: 148

thereon, and the arguments of counsel. Such reconsideration necessitates a reopening of the suppression hearing for the limited reason of exploring the information in the late-filed exhibit.

Accordingly, the defendant's Motion to Reconsider [**Doc. 28**] is **GRANTED**. The Court has set an evidentiary hearing for **December 8, 2008 at 2:00 p.m.** The Court will also address the defendant's Motion to Strike [Doc. 29] at that time.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge