IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-CR-38 |
| ) | (VARLAN/SHIRLEY) |
| ERNEST RAMON STENNIS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court after the granting of the Defendant's Motion to Reconsider Evidence [Doc. 28], on November 19, 2008. The parties came before the Court for a hearing on December 8, 2008. Assistant United States Attorney Hugh B. Ward, Jr., represented the Government. Attorney Kim Tollison appeared on behalf of the Defendant, who was also present. At the conclusion of the hearing, the Court took the Motion to Strike [Doc. 29], the additional testimony, and related filings under advisement.

At the conclusion of testimony in the hearing, the Defendant made an oral motion to continue the trial date, which is currently set for January 5, 2009. The Court reminded the Defendant of his speedy trial rights and explained that if the trial date were to be continued all of the same conditions of pretrial release would remain in effect. The Defendant stated that he understood and had no objection to continuing his trial. The Government had no objection to the motion.

On the same day the Court issued the Report and Recommendation [Doc. 23] in this case, the Government filed an additional late-filed exhibit, a police cruiser DVD with information pertinent to the suppression issue. In light of this filing, the Court granted the Motion to Reconsider [Doc. 28] and has heard additional testimony regarding the suppression issue. In light of the new evidence, the Court needs time to consider the new evidence and motions before it and possibly issue a new Report and Recommendation, which the District Court will need time to rule upon. Because all of this cannot take place before January 5, 2009, and in light of the Defendant's desire to pursue reconsideration, the Court finds that the oral motion to continue is well-taken, and it is **GRANTED**. In light of these findings and its granting of the motion, the Court set a new trial date of March 11, 2009. The Court finds that the period of time between the filing of the Motion to Reconsider [Doc. 28] and the Motion to Strike [Doc. 29] on November 5, 2008, and the Court's disposition of such shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F). Further, the Court finds that the period in which this motion concerning the Defendant is taken under advisement, not to exceed thirty days, is fully excludable. 18 U.S.C. § 3161(h)(1)(F). In addition, the Court finds that the ends of justice served by granting the motion to continue outweigh the best interest of the public and the Defendant in a speedy trial due to the gravity of the suppression issue. 18 U.S.C. § 3161(h)(8)(A)-(B). Therefore, the Court finds that the period between the hearing on December 8, 2008, and the new trial date of March 11, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly:

1. The Defendant's oral motion to continue the trial is **GRANTED**;

2. The trial is reset to commence on **March 11, 2009, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District

2

Case 3:08-cr-00038-TAV-CCS   Document 36   Filed 12/09/08   Page 2 of 3   PageID #: 153

Judge;

3. All time between the filing of the motions on November 5, 2008, and the new trial date of March 11, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

4. The Court has taken the pending motions and new evidence under advisement, and an order or report and recommendation, as may be appropriate, will follow.

**IT IS SO ORDERED**.

                          ENTER:

                          s/ C. Clifford Shirley, Jr.
                          United States Magistrate Judge