IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-38 |
| | ) | (VARLAN/SHIRLEY) |
| ERNEST RAYMON STENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the defendant's Motion to Strike [Doc. 29], which

was referred [Doc. 32] to the undersigned on November 7, 2008. See 28 U.S.C. § 636(b). In this

motion, the defendant asks the Court to strike the unsworn statement of Officer David Roncska and

Officer Jeremy Jinnett, which was filed by the government on October 15, 2008, along with a DVD

as an attachment to a Notice of Late Filed Exhibits [Doc. 22]. The defendant argues that this

statement is irrelevant, has not been tested on cross-examination, and is inadmissible. On December

8, 2008, the parties appeared for a reopening of the suppression hearing in order for the Court to hear

testimony and arguments on the government's late-filed DVD. Assistant United States Attorney

Hugh B.Ward represented the government. Attorney Kim A. Tollison appeared on behalf of the

defendant, who was also present. At this hearing, the defendant objected to a general reopening of

the suppression hearing, instead requesting that the Court rely solely upon the late-filed DVD. The

government contended that the Court should consider the officers' testimony to show the entire

context of the Officer Roncska's encounter with the defendant prior to his arrest. It maintained that

1

the information that Roncska learned about the defendant prior to April 8, 2007, provided the justification for why the officer acted the way he did at the time of the stop and search of the defendant.

A brief review of the procedural history is helpful: Officer Roncska testified at the September 15, 2008 suppression hearing on the defendant's Motion to Suppress. The Court filed a Report and Recommendation [Doc. 23] recommending that the District Court deny the Motion to Suppress on October 15, 2008. Earlier that same day, the government filed a Notice of Late-Filed Exhibit [Doc. 22]. The Court did not consider this exhibit, which consists of a DVD from Officer Roncska's police cruiser and a statement signed by Officer Roncska and Officer Jinnett, in its recommendations regarding the Motion to Suppress. The defendant subsequently filed a Motion to Reconsider [Doc. 28], pointing out discrepancies between statements on the late-filed DVD and Officer Roncska's testimony at the September 15 suppression hearing. The government responded [Doc. 31] that the Court's recommendation was supported by Officer Roncska's sworn testimony and that the late-filed exhibit only supplemented that testimony. The Court granted [Doc. 33] the defendant's Motion to Reconsider, finding that the late-filed exhibit raised questions about Officer Roncska's testimony at the suppression hearing, particularly his testimony regarding his basis for performing a frisk of the defendant. The Court ordered that the suppression hearing be reopened in order to explore the information in the late-filed DVD, to hear any additional testimony relevant to the late-filed DVD, and to entertain the arguments of the parties on the effect of the late-filed DVD on the prior testimony and the outcome of the Motion to Suppress. The question of whether to reopen a suppression hearing is entrusted to the Court's discretion. United States v. Lawrence 308 F.3d 623, 627 (6th Cir. 2002); see also United States v. Carter, 374 F.3d 399, 405 (6th Cir. 2004)

(observing that a trial court's ruling on whether to reopen a suppression hearing is reviewed "for an abuse of discretion"), jmt vacated on other gnds Carter v. U.S., 543 U.S. 1111 (2005). A court should be reluctant to grant the reopening of a suppression hearing. Id. Factors relevant to a court's exercise of its discretion in this regard are whether the party opposing the reopening would suffer prejudice if the hearing were reopened and whether the party seeking to reopen provided a "'reasonable explanation'" for its failure to present the evidence at the initial hearing." Id. (quoting United States v. Kitchcart, 218 F.3d 213, 220 (6th Cir. 2000)).

In the present case, the government has alleged that the late-filed DVD was not available at the time of the September 15 suppression hearing and was only received by the government just before it was filed on October 15. The Court finds that this is a reasonable explanation for the government's failure to present the late-filed DVD at the time of Officer Roncska's original testimony when he could have explained it and conceivably gone into his other encounters with the residents of Marble Hill who appear on the late-filed DVD.

With regard to prejudice to the defendant from reopening the hearing, the Court first notes that the defendant requested the reconsideration of the Court's ruling on his Motion to Suppress in light of the late-filed DVD. Permitting the government to explain the context of the DVD through the officers' testimony is necessary to a fair resolution of the matter. Moreover, defense counsel thoroughly cross-examined the officers at the December 8 hearing. Accordingly, the Court deems that the defendant sustained no prejudice from its reopening of the suppression hearing. Thus, in consideration of the reasonable explanation provided by the government and the lack of prejudice to the defendant, the declines to strike the testimony by Officers Roncska and Jinnett at the reopened suppression hearing. The Court will strike the unsworn statement attached

3

to the Notice of Late Filed Exhibits [Doc. 22], because the Court now has the officers' sworn testimony which was subject to cross-examination. The defendant's Motion to Strike [**Doc. 29**] is **GRANTED in part** in that the Court strikes the unsworn statement, and **DENIED in part**, in that the Court will consider the full testimony of Officers Roncska and Jinnett at the December 8, 2008 reopened suppression hearing.

**IT IS SO ORDERED.**

ENTER:


    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

4