UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:08-CR-38-TAV-CCS |
| | ) | |
| ERNEST RAMON STENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's pro se motion for a sentence reduction in light of 18 U.S.C. § 3582(c) and the Fair Sentencing Act of 2010 ("FSA") [Doc. 71] and the defendant's pro se request for records and an extension of time [Doc. 70]. Amendment 750 to the United States Sentencing Guidelines (the "Guidelines") implemented the FSA and reduced the base offense level for most offenses involving crack cocaine. The United States filed a response in opposition to the defendant's request for a reduction in sentence, asserting that the defendant's Guidelines range was set by a statutory mandatory minimum, so Amendment 750 does not lower the applicable Guidelines range in this case [Doc. 73].

**I.  Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577,

586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is section 1B1.10 of the United States Sentencing Guidelines Manual (the "Guidelines"), which designates the amendments to the Guidelines that may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S. Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see also id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding"). In relevant part, section 1B1.10 provides:

> (a)  Authority.--
>
> (1) In General.--In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--

2

> . . .
>
> > (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S. Sentencing Guidelines Manual § 1B1.10 (revised Nov. 1, 2012). The application notes to section 1B1.10 also provide that, in considering a reduction in a defendant's term of imprisonment, a court must consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* § 1B1.10 cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The FSA altered the statutory penalties for offenses involving cocaine base ("crack cocaine") and directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332–35 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, thus authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine. Because Amendment 750 may now be applied retroactively, *see* U.S. Sentencing Guidelines Manual § 1B1.10(c), if the

3

sentencing range for the defendant's offense has been lowered by Amendment 750, then the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.    Analysis**

The defendant pleaded guilty to and was convicted of possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count One"), and possession of a firearm in furtherance of a drug trafficking crime ("Count Two") [Doc. 64 p. 2]. In calculating the applicable Guidelines range for Count One, the defendant was held responsible for 8.4 grams of crack cocaine, 40 Hydrocodone tablets, 10 Oxycodone tablets, and 4.8 grams of marijuana, for a combined marijuana equivalent of 168.26 kilograms [Presentence Investigation Report ("PSR") ¶ 20]. Given the amount of drugs for which the defendant was held responsible, the defendant's base offense level for Count One was 24, and following the three-level reduction for acceptance of responsibility, his total offense level was 21 [*Id.* ¶¶ 20, 27]. Based on a total offense level of 21 and a criminal history category of III, the defendant's applicable Guidelines range for Count One was 46 to 57 months' imprisonment, but because he was subject to a statutory mandatory minimum sentence of 60 months' imprisonment on that count, the defendant's restricted Guidelines range was 60 months' imprisonment [*Id.* ¶ 63]. The defendant also faced a statutory mandatory minimum sentence of 60 months' imprisonment on Count Two, required by statute to run

4

consecutively to his sentence for Count One [*Id.*]. The Court sentenced the defendant in accordance with his aggregated Guidelines range, imposing the statutory mandatory minimum sentence of 60 months' imprisonment on both counts, for a total of 120 months' imprisonment, as the sentence for Count Two was imposed to run consecutively to the sentence for Count One [Doc. 64 p. 3; Doc. 73 p. 2].

Were the defendant sentenced today, for Count One, he would have a total offense level of 15 and an amended Guidelines range of 24 to 30 months' imprisonment. But because the defendant would still be subject to a sixty-month statutory mandatory minimum, his effective Guidelines range would be the same as Guidelines range at the time of sentencing. *See* U.S. Sentencing Guidelines Manual § 5G1.1(b). In other words, Amendment 750 does not have the effect of lowering the defendant's Guidelines range on Count One.

To the extent the defendant suggests that his post-sentence conduct and health problems provide an independent basis for a sentence reduction, the Court disagrees. The Supreme Court has held that district courts have discretion to consider post-sentence rehabilitation in fashioning a new sentence where the original sentence was set aside on appeal. *United States v. Pepper*, 131 S. Ct. 1229, 1241 (2011). Alleged rehabilitative efforts on their own, however, do not authorize this Court to revisit the propriety of a defendant's sentence. If the defendant had been eligible for a reduction under § 3582(c), the Court could have considered his post-sentence conduct in determining the extent of that reduction, U.S. Sentencing Guidelines Manual § 1B1.10, comment. n.1(B)(iii), but

the defendant is not eligible for any reduction, so evidence about his conduct while incarcerated is irrelevant. Further, as to the defendant's medical problems, the Sixth Circuit has stated that "[a] district court may not modify a defendant's federal sentence based on the defendant's ill health, except upon a motion from the Director of the Bureau of Prisons." *Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001). No such motion has been filed in this case.

### III. Conclusion

For the reasons given above, the defendant's pro se motion for a sentence reduction [Doc. 71] is hereby **DENIED**. Pursuant to 28 U.S.C. § 636(b), it is hereby **ORDERED** that the defendant's pro se request for records and an extension of time [Doc. 70] is hereby **REFERRED** to United States Magistrate Judge C. Clifford Shirley, Jr., for his consideration and determination or report and recommendation, as may be appropriate.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE